UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1792-BRO (SP) | Date | October 9, 2013 |
|---|---|---|---|
| Title | DOUGLAS DANIEL SIMON v. RALPH DIAZ, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Denied**

On October 2, 2013, petitioner Douglas Daniel Simon filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. In it, petitioner argues that his rights were violated when the Board of Parole Hearings decided to deny him parole following an October 3, 2012 hearing, which denial became final on January 31, 2013.

In light of the Supreme Court's decision in *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam), petitioner is ordered to show cause in writing, on or before **November 8, 2013**, why the court should not recommend the denial of the petition and the dismissal of this action with prejudice.

In *Swarthout v. Cooke*, the Supreme Court held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner seeking parole is entitled is the minimal procedural due process protections set forth in *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), that is, to be allowed an opportunity to be heard, and to receive a statement of reasons for the denial. 131 S. Ct. at 862. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." *Id.* Under the Supreme Court's decision, "it is no federal concern here whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-1792-BRO (SP) | Date | October 9, 2013 |
|---|---|---|---|
| Title | DOUGLAS DANIEL SIMON v. RALPH DIAZ, Warden | | |

was correctly applied." *Id.* at 863.

Based on the court's review of the petition in this case, it appears that petitioner's primary claim is his claim in ground two that the "some evidence" standard was not met; but as discussed above, such a claim is not cognizable in this court. Although in ground three petitioner nominally contends he was not provided with a list of reasons parole was denied, the arguments he makes in support of the petition reveal that petitioner is really contending that those reasons lack support, not that they were not given. Moreover, the record submitted by petitioner – which includes portions of the hearing transcript and other documents – reflects that petitioner was given a lengthy and detailed list of reasons for the denial of parole. This record, although incomplete, further reflects that petitioner was allowed to speak at the parole consideration hearing and to contest the evidence, and was in fact represented by counsel. While petitioner contends that the Board of Parole incorrectly found petitioner not eligible for parole, that is not a federal concern under the Supreme Court's decision in *Swarthout v. Cooke*.

In ground one, petitioner claims that the psychologist who evaluated him prior to his parole hearing kept "secret" the fact that "she was exempt from Board of Psychology rules and standards of practice. The letter from the Board of Psychology that petitioner submits clearly states that, under California state law, a psychologist employed by the government is exempt from licensing laws. Petitioner does not explain how the Board of Parole's use of a psychologist who was in compliance with state law constituted a violation of his constitutional rights, so as to present a claim cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a) (federal court may entertain habeas petition on behalf of person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Again, petitioner has failed to raise a claim that presents a federal concern under *Swarthout v. Cooke*.

Accordingly, even if petitioner's contentions were accepted as true, it does not appear that this court would have any basis for finding that petitioner's federal due process rights have been violated, or that the state courts' decisions denying his earlier habeas petitions were contrary to or involved an unreasonable application of clearly established Supreme Court law. As such, petitioner is ordered to show cause in writing, on or before **November 8, 2013**, why the court should not recommend the denial of the petition and the dismissal of this action with prejudice in light of *Swarthout v. Cooke*.